UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHATIQUA HILL,

                                                   ***COMPLAINT AND JURY DEMAND***

                         Plaintiff,

    -against-                                ECF CASE
                                                    Docket No. 19-cv-7882

CITY OF NEW YORK, individually and in their official
capacities as New York City police officers, DERVENT
WILLIAMS, and JOHN or JANE DOE 1-10,

                           Defendants.

------------------------------------------------------------------------X

      Plaintiff, Shatiqua Hill, by and through the undersigned attorneys, Sim & DePaola, LLP, for her complaint against the Defendants, CITY OF NEW YORK, individually and in their official capacities as New York City police officers, DERVENT WILLIAMS, and JOHN or JANE DOE 1-10, alleges and states as follows:

**PRELIMINARY STATEMENT**

1.     This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 for the violation of her civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2.     These claims arise from a June 6, 2018 incident, in which defendants, acting under color of state law, unlawfully arrested and detained Ms. Hill in the vicinity of 839 Hunts Point Avenue, County of Bronx, City and State of New York. Ms. Hill was wrongfully detained for approximately four (4) hours, until she was released from the 41st NYPD Precinct with a summons for the charge of Disorderly Conduct. As a result, Ms. Hill was deprived of her liberty and sustained physical and emotional injuries.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff, Shatiqua Hill ("Ms. Hill"), is an African-American female, who resides in Bronx County, City and State of New York.

8. The Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD") was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant, Dervent Williams ("Williams"), was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Williams was, at the times relevant herein, a police officer or sergeant, under Shield No. 1719 and Tax Reg. No. 939693, assigned to the 41st Precinct, located at 1035 Longwood Ave, Bronx, New York 10459. Defendant Williams is being sued in his individual and official capacities.

12. At all times relevant Defendants John or Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the true names and/or tax registration numbers of Defendants John or Jane Doe 1 through 10 but is within knowledge of the defendants.

13. At all times relevant herein, Defendants John or Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD. Defendants John or Jane Doe 1 through 10 are being sued in their individual and official capacities.

14. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

15. Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim with the New York City Office of the Comptroller.

16. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

17.     This action has been commenced within one year and ninety days from the relevant accrual dates and plaintiff has complied with all conditions precedent.

**FACTUAL CHARGES**

18.     On June 6, 2018, at approximately 3:30 p.m., Ms. Hill was walking with her aunt in the vicinity of 839 Hunts Point Avenue, County of Bronx, State of New York, when they came upon approximately ten (10) New York City Police Officers assaulting a male individual on the street.

19.     Ms. Hill's aunt then requested that the officers refrain from physically striking the male individual.

20.     Ms. Hill then told her aunt to stop speaking to the officers and to continue on their way.

21.     One male officer responded by yelling at Ms. Hill's aunt.

22.     Ms. Hill told the officer who was yelling that she and her aunt were continuing on their way and did not want any problems.

23.     Immediately upon Ms. Hill finishing her statement, Ms. Hill was unlawfully grabbed from behind and arrested by two officers, defendant Williams and John Doe 1.

24.     Defendants, including Williams, approached Ms. Hill without a lawful reason to do so, as she was committing no crimes or violations of the law by stating her intent to leave vicinity with her aunt to the other officer who was yelling.

25.     Defendants, including Williams and John Doe 1, violently grabbed Ms. Hill from behind and forcefully pushed her against a wall, which caused serious injury to her right shoulder without probable cause or justification to do so.

26.     Defendants, including Williams and John Doe 1, violently twisted Ms. Hill's arms behind her back and placed handcuffs on her without probable cause or justification.

27. Ms. Hill was then taken in a police vehicle to the 41st precinct where she was processed.

28. At the precinct, Ms. Hill was subjected to an illegal strip-search with a cavity inspection without reasonable suspicion or probable cause to believe she had secreted contraband on her person or that contraband would be discovered within her person.

29. Said strip-search and cavity inspection was conducted by a female officer, defendant Jane Doe 2, at the direction of defendant Williams.

30. At said precinct, Ms. Hill requested medical treatment for the injuries she sustained during her unlawful arrest by defendant Williams and John Doe 1.

31. Ms. Hill was eventually examined by EMS, but not removed to a hospital, as she requested.

32. Defendants, including Williams, coerced Ms. Hill to sign a document falsely stating that Ms. Hill did not want to go to the hospital.

33. Ms. Hill was held, handcuffed to a bench in a cell, for approximately four (4) hours, before she was issued a Summons for Disorderly Conduct and released.

34. Defendants Williams, John Doe 1 and Jane Doe 2, had no probable cause or reasonable suspicion to arrest, detain, stop, or search Ms. Hill, as Ms. Hill was not behaving in a disorderly manner.

35. At no time did Ms. Hill ever curse or yell at the officers, nor did she refuse to leave the location.

36. Ms. Hill was merely attempting to walk away from the officers and scene of her arrest, when she was unlawfully detained, stopped, searched and arrested by defendants including Williams and John Doe 1.

37. Defendants including Williams, were fully aware, at all times, that they lacked probable cause to stop, assault, batter, detain or arrest Ms. Hill.

38. At no point did the Defendants, including Williams, observe Ms. Hill commit any crime or offense.

39. At no point were the Defendants, including Williams and John Doe 1, ever told by any witnesses that Ms. Hill committed any crime or violation of the law.

40. Defendants, including Williams, were fully aware, at all times, that they lacked probable cause to arrest, detain or assault Ms. Hill, because defendants never observed or possessed a reasonable belief that Plaintiff committed any crimes or violations of the law, including, but not limited to, disorderly conduct.

41. Plaintiff, Ms. Hill, did not violate any law or local ordinance, including, but not limited to, disorderly conduct.

42. Defendants, including Williams and John Doe 1, were fully aware that there was no probable cause to believe a prosecution would succeed against Ms. Hill, as defendants were fully aware that Plaintiff was completely innocent of any wrongdoing.

43. Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have imposed or acquiesced to policies or customs within the NYPD that resulted in Plaintiff's arrest without probable cause.

44. Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

45. The instant arrest of Plaintiff without the presence of probable cause was so egregious as to amount to the deliberate indifference by the policy and decision makers within the NYPD and

City of New York, because the need for enhanced training and supervision is obvious due to the clear lack of any probable cause to arrest and issue criminal summons against Plaintiff.

46. Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current policies and customs of the NYPD and City of New York are within the exclusive knowledge of Defendants.

47. Upon information and belief, the personnel files and records of the individual officers involved in Plaintiff's arrest, including defendant Williams, will reveal a history of Constitutional violations that will indicate that Defendant City knew, or should have known that the individual officers were unfit for employment as NYPD police officers and would be likely to commit Constitutional violations similar to the violations that were committed against Ms. Hill.

48. At all times relevant hereto, Defendants, including Williams and John Doe 1, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause.

49. At all times relevant hereto, Defendants, including Williams and John Doe 1, engaged in fraud, perjury, the suppression of evidence and other actions conducted in bad faith, namely physically restraining and arresting Plaintiff without probable cause, or failed to intervene when defendants observed others doing so, all in furtherance of the criminal summons against Plaintiff.

50. As a direct and proximate result of the acts of defendants, including the City of New York, Plaintiff suffered the following injuries and damages: violations of her rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including

fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

51. Plaintiff re-alleges and re-avers Paragraph 1 through 50 of this Complaint as if fully set forth herein.

52. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without a valid warrant or probable cause.

53. Plaintiff was conscious of her confinement.

54. Plaintiff did not consent to her confinement.

55. Plaintiff's arrest and false imprisonment was not otherwise privileged.

56. Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

58. Plaintiff re-alleges and re-avers Paragraph 1 through 57 of this Complaint as if fully set forth herein.

59. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

60. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

61. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

62. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Assault and Battery Under
New York State Law

63. Plaintiff re-alleges and re-avers Paragraph 1 through 62 of this Complaint as if fully set forth herein.

64. At all relevant times, Defendants caused Plaintiff to fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

65. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered her without her consent or justification.

66. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

67. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

68. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

69. Plaintiff re-alleges and re-avers Paragraph 1 through 68 of this Complaint as if fully set forth herein.

70. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

71. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

72. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

73. Plaintiff re-alleges and re-avers Paragraph 1 through 72 of this Complaint as if fully set forth herein.

74. Defendants initiated the prosecution against Plaintiff.

75. Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

76. Defendants acted with malice.

77. In the absence of probable cause, malice may be inferred.

78. The prosecution was terminated in Plaintiff's favor, when the summons was determined to be legally insufficient.

79. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered significant damages.

80. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

82. Plaintiff re-alleges and re-avers Paragraph 1 through 81 of this Complaint as if fully set forth herein.

83. Defendants initiated the prosecution against Plaintiff.

84. Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

85. Defendants acted with malice.

86. The prosecution was terminated in Plaintiff's favor.

87. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by compelling Plaintiff to attend court proceedings to contest the charge.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

89. Plaintiff re-alleges and re-avers Paragraph 1 through 88 of this Complaint as if fully set forth herein.

90. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

91.  Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

92.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

93.  Plaintiff re-alleges and re-avers Paragraph 1 through 92 of this Complaint as if fully set forth herein.

94.  Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

95.  Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

96.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**NINTH CAUSE OF ACTION**
Malicious Abuse of Process Under
New York State Law

97.  Plaintiff re-alleges and re-avers Paragraph 1 through 96 of this Complaint as if fully set forth herein.

98.  Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

99.  Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

100. Defendants intended to inflict substantial harm upon Plaintiff.

101. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

102. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

103. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**TENTH CAUSE OF ACTION**
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

104. Plaintiff re-alleges and re-avers Paragraph 1 through 103 of this Complaint as if fully set forth herein.

105. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

106. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

107. Defendants intended to inflict substantial harm upon Plaintiff.

108. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

109. Defendants' actions deprived Plaintiff of her right to free from illegal searches and seizures, as well as her right not to be deprived of her liberty without due process of law.

110. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

111.  Plaintiff re-alleges and re-avers Paragraph 1 through 110 of this Complaint as if fully set forth herein.

112.  Plaintiff, as an African-American female, is a member of a racial minority and protected class.

113.  Defendants discriminated against Plaintiff on the basis of her race, national origin, ethnicity, religion or sex.

114.  Defendants also engaged in the selective of Plaintiff, in comparison to others similarly situated.

115.  Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, religion, the intent to inhibit or punish Plaintiff's exertion of her Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

116.  Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

117.  Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

118.  Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

119.  Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

120.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

121.    Plaintiff re-alleges and re-avers Paragraph 1 through 120 of this Complaint as if fully set forth herein.

122.    Plaintiff, as an African-American female, is a member of a racial minority and protected class.

123.    Defendants discriminated against Plaintiff on the basis of her race, national origin, ethnicity, religion or sex.

124.    Defendants also selectively treated Plaintiff in comparison to others similarly situated.

125.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, religion, the intent to inhibit or punish Plaintiff's exertion of her Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

126.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

127.    Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

128.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

129.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1983, 1985 and 1986 Against Individual Defendants

130.    Plaintiff re-alleges and re-avers Paragraph 1 through 129 of this Complaint as if fully set forth herein.

131. Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of the equal protection of the laws, or of the privileges and immunities under the laws.

132. Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

133. Plaintiff sustained injuries to her person or was deprived of rights or privileges of citizens of the United States.

134. Defendants' conspiracy was motivated by some racial, or otherwise class-based, invidious discriminatory animus.

135. The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or being committed, possessed the power to prevent or aid, and neglected to do so.

136. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

137. Plaintiff re-alleges and re-avers Paragraph 1 through 136 of this Complaint as if fully set forth herein.

138. Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee defendants.

139. Defendant City breached that duty of care.

140. Defendant City placed defendants in a position where they could inflict foreseeable harm.

141. Defendant City knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

142.    Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

143.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTEENTH CAUSE OF ACTION**
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

144.    Plaintiff re-alleges and re-avers Paragraph 1 through 143 of this Complaint as if fully set forth herein.

145.    Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of her Constitutional right to free from illegal searches and seizures.

146.    Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising policy maker must have been aware of.

147.    Defendant City and its policymakers failed to provide adequate training or supervision to subordinates to such an extent that it is tantamount to their deliberate indifference towards the rights of those who come into contact with Defendant City's employees.

148.    Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced supervision and training is obvious and therefore tantamount to a display of deliberate indifference by Defendant City and its policymakers towards the rights of individuals who come into contact with defendant City's employees.

149.    Defendant City's conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

150.	As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)	In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)	Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)	Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)	Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)	Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 22, 2019

Respectfully submitted,

_S/ Samuel C. DePaola____
Samuel C. DePaola, Esq.
Bar Number: SD0622
Sim & DePaola, LLP
*Attorneys for Ms. Hill*
4240 Bell Blvd., Suite 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com

Case 1:19-cv-07882-PKC Document 1 Filed 08/22/19 Page 19 of 19