UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SHATIQUA HILL,

                          Plaintiff,                      19-cv-7882 (PKC)

       -against-                              <u>ORDER</u>


CITY OF NEW YORK, <u>et</u> <u>al.</u>,

                          Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

          Plaintiff Shatiqua Hill commenced this action against the City of New York (the

"City") and individual defendants pursuant to 42 U.S.C. § 1983.  The parties agreed to settle the

case for $5,001.00, "plus reasonable attorneys' fees, expenses, and costs to the date of this offer

for plaintiff's federal claims."  (Docket # 15-1.)  When plaintiff sought payment for $71,221.25

in attorneys' fees plus $653.25 in expenses, the City balked, characterizing the fees as

"outrageous" and countering with an offer of $10,000.  (Docket # 23-4.)

          Hill now moves for an award of attorneys' fees pursuant to Rule 68, Fed. R. Civ.

P.  She urges that the time expended on this case and the attorneys' hourly rates are reasonable,

and has submitted attorney time records for the work performed in this case.  In opposition, the

City characterizes the work performed as excessive, redundant, or otherwise unnecessary and

urges that the attorney rates are unreasonable given the "simplicity" of Hill's claims.

          For the reasons that will be explained, the Court will award attorneys' fees at

reasonable hourly rate lower than those proposed by plaintiff.  The Court also concludes that

several time entries reflect the performance of work that was excessive, redundant or otherwise

unnecessary.  Plaintiff's application for the fees incurred in connection with this motion will be

denied.  Hill's motion for attorneys' fees and expenses will therefore be granted, with the modifications set forth below.[1]

BACKGROUND ON PLAINTIFF'S CLAIMS.

The Complaint alleges that Hill was walking with her aunt in the Bronx when they encountered members of the NYPD "assaulting a male individual in the street" and attempted to leave the scene after her aunt "requested that the officers refrain from physically striking the male individual."  (Compl't ¶¶ 18-22.)  The Complaint alleges that officers of the NYPD injured Hill's shoulder when they violently pushed her against a wall, unlawfully arrested her, and subjected her to an unlawful strip-search and cavity inspection.  (Compl't ¶¶ 25, 28-29.)

The Complaint alleges that officers coerced Hill into signing a document falsely stating that she did not wish to go to a hospital.  (Compl't ¶ 32.)  It alleges that Hill was handcuffed to a cell bench for approximately four hours before being issued a summons for disorderly conduct and released.  (Compl't ¶ 33.)  It alleges that officers did not have probable cause or reasonable suspicion to arrest, detain, stop or search Hill.  (Compl't ¶¶ 34, 36.)  It brings claims for violations of the Constitution and New York law, including a Monell claim against the City.  (Compl't ¶¶ 51-150.)

The parties participated in an unsuccessful mediation session under the District's section 1983 plan, Local Rule 83.10.  (Docket # 14.)

On February 21, 2020, approximately six months after the action was initiated, Hill filed a Notice of Acceptance of an Offer of Judgment under Rule 68, Fed. R. Civ. P. (Docket # 15.)  She also filed a Proposed Judgment, which provided in part that "the City of New York shall pay Plaintiff, Shatiqua Hill, the sum of Five Thousand One Dollars and no cents

---

[1] The City does not challenge plaintiff's expenses of $653.25.

($5,001.00), pursuant to the Rule 68 Offer of Judgment, within ninety days (90) days of January 27, 2020.  The City of New York shall also pay Plaintiff's attorney's fees, in an amount to be determined by this Court to be reasonable attorneys' fees, expenses and costs, unless said sum is mutually agreed upon by the parties, via private settlement . . . ."  (Docket # 16.)  The Court entered the Proposed Judgment as an Order on March 3, 2020.  (Docket # 17.)

After unsuccessful efforts to resolve the fee issue, plaintiff filed her motion for attorneys' fees and costs.

LEGAL STANDARD.

A court may award reasonable attorneys' fees as part of the costs to the prevailing plaintiff in a section 1983 case.  42 U.S.C. § 1988(b).  In calculating a reasonable hourly rate, a court should consider the rates of counsel performing comparable work, counsel's success in the case, the hours reasonably expended, and all case-specific variables.  See, e.g., Carter v. City of Yonkers, 345 Fed. App'x 605, 608 (2d Cir. 2009) (summary order).  Courts should determine a "presumptively reasonable fee," the starting point of which is the lodestar amount based on the attorney's reasonable hourly rate and the reasonable number of hours required by the case, keeping in mind all case-specific variables.  See Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 493 F.3d 110 (2d Cir. 2007)).  "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'"  Id. (quoting Arbor Hill, 493 F.3d at 112, 118).

"[I]n reviewing fee applications under Section 1988, the district court should exclude hours that were not 'reasonably expended.'"  Lunday v. City of Albany, 42 F.3d 131,

133 (2d Cir. 1994) (citing Hensley v. Eckherhart, 461 U.S. 424, 434 (1983)); see also Bliven v.

Hunt, 579 F.3d 204, 213 (2d Cir. 2009) ("In determining what fee is reasonable, the court takes

account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'")

(quoting Hensley, 461 U.S. at 434).  "Counsel for the prevailing party must exercise 'billing

judgment'; that is, he must act as he would under the ethical and market restraints that constrain

a private sector attorney's behavior in billing his own clients."  Lunday, 42 F.3d at 133 (citing

Hensley, 462 U.S. at 434).  A court must make a "conscientious and detailed inquiry into the

validity of the representations that a certain number of hours were usefully and reasonably

expended," but it need not make "item-by-item findings concerning what may be countless

objections to individual billing items."  Id. at 134.

DISCUSSION.

      I.        The Attorneys' Hourly Rates.

        The Court first considers the hourly billing rates of the plaintiff's attorneys.  The

attorneys billed at hourly rates ranging from $275 to $500 an hour.  Two partners of the law firm

DePaola & Sim, LLP – John R. DePaola and Sang J. Sim – billed at hourly rates of $500, while a

third partner, Samuel DePaola, billed at a $475 hourly rate.  (Sim Dec. ¶¶ 6-8.)  Two senior

counsel, John Kouroupas and Markus A. Wilson, billed at hourly rates of $375.  (Sim Dec. ¶¶ 9-

10.)  An associate, Weibo Zhang, billed at hourly rates of $275.  (Pl. Mem. ¶ 35.)  Two

paralegals billed at hourly rates of $125.  (Pl. Mem. ¶¶ 36-37.)  While six attorneys of the firm

billed time on this case, a substantial majority of time was billed by Sim and Samuel DePaola.

        The City urges that these hourly rates are excessive in light of "the simplicity of

this case and the prosaic nature of the legal tasks performed . . . ."  (City Mem. 14.)  The City

proposes that all attorney time should be billed at hourly rates of $345, except for Zhang, for whom the City proposes an hourly rate of $200.  (Id. 21.)

The City contends that the Court should base its fee calculation on a lower hourly rate principally because the attorneys' "expertise is in handling a large volume of cases brought mostly in state court."  (City Mem. 21.)  The City urges that Sim lacks adequate experience litigating federal civil rights cases, as opposed to other practice areas; that Samuel DePaola's rate should not exceed $345 per hour, because lawyers with "decades more experience" bill at his $475 hourly rate; that the rates of Wilson and Kouroupas ought not exceed $345 per hour; and that Zhang's rate ought not exceed $200 per hour, given that he was admitted to practice in New York in 2019.[2]  (City Mem. 18-21.)  Except for Zhang, the City proposes that all attorney time should be billed at the hourly rate of $345, which it describes as "the average hourly rate [plaintiff's firm] pays its junior attorneys . . . ."[3]  (City Mem. 14-18.)

The Court has reviewed the background and experience of plaintiff's attorneys, as described in plaintiff's memorandum and reply.  (Pl. Mem. 10-11; Reply 6-8.)  John DePaola has practiced law since 1982, first working as an assistant district attorney in the Bronx from 1982 to 1986 before going into private practice and specializing in civil rights claims.  Sang J. Sim has practiced law since 1996, and principally did corporate taxation work until 2003, when he began to practice in litigation, including civil rights claims.  Samuel C. DePaola has practiced law since 2011 and worked as an assistant district attorney in King's County from 2011 to 2015, at which point he joined DePaola & Sim and has practiced civil rights law.  John Kouroupas has practiced

---

[2] The City also asserts that John DePaola is not admitted to practice in this District, but that assertion appears to be incorrect. Plaintiff's reply memo annexes a photograph of a certificate signed by then-Clerk of Court Raymond F. Burghardt that purports to show that John De Paola was admitted to practice in this District on September 7, 1983. (Reply Ex. A.)  The Court's own search of the District's attorney registration database reflects that a John De Paola was admitted to practice in the District on September 7, 1983, and that his status remains active.
[3] Presumably, the City means that the firm bills junior attorneys at the rate of $345 per hour, not that it compensates them at that rate.

law since 2004 and worked for the Corporation Counsel of the City of New York until 2007, at which point he joined DePaola & Sim.  It is not clear when Markus A. Wilson began his legal career, but he previously worked as an assistant district attorney in the Bronx, and joined DePaola & Sim in 2012.  Plaintiff asserts that attorney Weibo Zhang has worked on more than 300 civil rights cases against the City, though she does not dispute that Zhang was admitted to practice in 2019.

A district court opinion of Judge Ramos thoroughly reviewed the hourly rates in this district for attorneys who successfully prosecute civil rights claims, observing that they ranged from $250 to $650, varying with the size and complexity of the case.  Lilly v. City of New York, 2017 WL 3493249, at *4-5 (S.D.N.Y. Aug. 15, 2017).  Recognizing that some time has passed since the opinion of Judge Ramos, the Court is nevertheless persuaded by his detailed review of hourly rates in civil rights cases and uses it as a reference point.  Id.; see also Jean-Louis v. City of New York, 342 F. Supp. 3d 436, 442 (S.D.N.Y. 2018) (courts generally award reasonable hourly fees of $350 to $450 for experienced civil rights attorneys in this District).  Judge Ramos concluded that a $450 rate was appropriate for a case that lasted ten months and required no depositions or substantial motion practice.  2017 WL 3493249, at *4-5.  The Second Circuit affirmed, noting that fee awards in "straightforward civil rights cases" in this District generally fell within the $350 to $450 range.  Lilly v. City of New York, 934 F.3d 222, 231 (2d Cir. 2019).

Having considered the experience of the attorneys, the range of fees commonly awarded in this district and all other case-specific variables, the Court concludes that the reasonable hourly rates for work in this case are $425 for John DePaola and Sim, $400 for Samuel DePaola, $350 for Kouroupas and Wilson and $275 for Zhang.

II.     The Attorney Work Performed.

The attorney timesheets reflect that plaintiff's counsel billed 155.65 hours between June 18, 2018 and February 18, 2020.  The Court has reviewed the timesheets and it addresses only those individual entries that it concludes were excessive, redundant, or otherwise unnecessary.[4]  The Court concludes that the balance of entries were appropriate as to task and duration.

The Court notes that there are several billing entries for factual investigation and other work performed before the filing of the Complaint in this action.  It is appropriate for attorneys to bill time for the factual investigation of a claim, the research and drafting of a complaint, and client consultations.  See, e.g., Jean-Louis, 342 F. Supp. 3d at 443.  The City describes as "excessive" the amount of time spent drafting the Complaint, and urges that reimbursable time spent drafting the Complaint "should be reduced to four hours."  (Opp. Mem. at 10.)  The City's proposed four-hour cap is arbitrary, and the Court does not view the time billed in drafting the Complaint as excessive or redundant.  The plaintiff, the City and the Court are all well-served when counsel is attentive to the drafting of a pleading.

The Court concludes that certain other uses of attorney time were excessive, redundant, or otherwise unnecessary.  Several billing entries from September 3, 2018 through August 22, 2019 relate solely to state proceedings, including the preparation and filing of a notice of claim under section 50-e and work related to a hearing held pursuant to section 50-h of the New York General Municipal Law.  The City points out that the offer of judgment provided for "reasonable attorney's fees, expenses, and costs to the date of this offer for plaintiff's federal claims."  (Docket # 15-1; emphasis added.)  Plaintiff's reply memorandum does not address this

---

[4] All attorney time entries are drawn from Exhibit C to the Sim Declaration.

language or point to additional terms that would entitle it to recover the fees incurred in connection with the state administrative proceedings.  Accordingly, such fees will be excluded from the fees award.  See, e.g., Jean-Louis, 342 F. Supp. 3d at 443 (reducing fees award for work performed in connection with section 50-e and 50-h proceedings).  The work billed on September 3, 4, and 5, 2018, October 10 and 12, 2018, November 16, 2018, December 14, 2018, the August 21, 2019 entry of Sang, and the August 22, 2019 entries of Zhang and the attorneys' post-hearing meeting will be excluded from the fees award.

   As to the following entries, the Court concludes that the time allotted is excessive or redundant.  The 7/16/19 review of an officer's history of misconduct is reduced from 3.75 hours to 1.5 hours.  The 7/19/19 review of the officer's history of misconduct is reduced from 6.25 hours to 3 hours.  The 2-hour entry of 8/23/19 for attorney time spent reviewing the already-filed Complaint and other initiating document is reduced to .25 hours.  The 8/27/19 entry of 2 hours for the review of this Court's Order scheduling an initial conference and alerting the City to the Order is reduced to .75 hours.  The 2.25-hour entry of 8/27/19 for review of the same Order and related client call is reduced to .75 hours.  The 1-hour entry of 9/4/19 to draft a cover letter is reduced to .25 hours.  The 3.75-hour attorney meeting to discuss medical records on 9/13/19 is reduced to 1 hour.  The 3.25-hour entry of 10/21/19 for the purpose of discussing the merits of an anticipated motion to dismiss is reduced to 1.5 hours.  The 4.25-hour entry of 10/21/19 for the purpose of preparing a joint letter in preparation of the initial conference is reduced to 1.5 hours.  The 2.25-hour entry of 10/23/19 for the purpose of researching the mediator is reduced to 1 hour.  The 1.5-hour entry of 10/23/19 to input the City's changes and file the parties' joint letter in advance of the initial conference is reduced to .5 hours.  The 3.75-hour entry of 10/29/19 to appear at an initial conference that was adjourned is reduced to 2 hours.

The 3.25 hours of 11/23/19 to review the section 50-h hearing transcript and compare it to the pleadings is reduced to 1 hour.  The 1.5 hours of 11/25/19 to review initial disclosures and prepare a cover letter is reduced to .75 hours.  The 3-hour attorney conference of 1/9/20 to discuss mediation strategy is reduced to 1.5 hours.

A 6.5-hour entry of 2/17/20 reads, "Draft Memorandum of law.  Research case law."  A 5.25-hour entry of 2/18/20 reads, "Continue drafting memorandum of law."  The memorandum of law is not identified.  The City did not file a motion to dismiss in this case. Because the Court cannot discern the purpose and relevance of this work, no fees will be awarded in connection with it.

III.    The Application for Attorneys' Fees Accrued in Connection with this Motion is Denied.

Hill seeks an additional fees award of $6,250 for attorney work performed in connection with this motion.  The Judgment provides in relevant part that Hill shall receive "reasonable attorneys' fees, expenses and costs, to the date of the Rule 68 Offer of Judgment . . . ."  (Docket # 16.)

The offer of judgment is dated January 14, 2020.  (Docket # 15-1.)  Lilly explained that a Rule 68 offer of judgment is to be enforced according to ordinary contract principles, including any cut-off date for an attorneys' fees award.  934 F.3d at 235.  A district court therefore may not award fees for work performed after that date, even if undertaken in good faith.  Id. at 935-37; accord Jean-Louis, 342 F. Supp. 3d at 443.

Because the work of plaintiff's counsel in connection with this motion occurred after the date of the offer of judgment, it falls outside the terms of the parties' agreement.  The application for a fees award for work performed in connection with this motion is therefore denied.

CONCLUSION.

        For the reasons explained, Hill's motion for attorneys' fees and expenses is GRANTED, with the modifications set forth above.  The parties are directed to jointly submit a proposed Order that calculates the fees award in light of the foregoing.  The Clerk is directed to terminate the motion.  (Docket # 21.)

        SO ORDERED.

                               P. Kevin Castel
                         United States District Judge

Dated: New York, New York
       March 18, 2021